UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D.W. NORTH,<br><br>    Plaintiff,<br><br>v.<br><br>WENDI THOMAS, et al.,<br><br>    Defendants. | Case No. 24-cv-03410-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 23 |

Defendants retained Plaintiff (an attorney representing himself in this action) to represent them in connection with seeking appellate relief in the United States Supreme Court. The Parties entered into multiple agreements setting forth the scope of Plaintiff's representation and the terms of payment. The Supreme Court ultimately rejected Defendants' petition for *certiorari*. Plaintiff subsequently commenced this action, alleging that Defendants owe him unpaid legal fees. Defendants responded with a vague counterclaim sounding in fraud, alleging that Plaintiff secured their agreement to retain him through false promises of their likelihood of success at the Supreme Court. Plaintiff now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that the statute of limitations bars the counterclaim. *See* Dkt. 23 (the "Motion"); *see also* Dkt. 17; Text-Only Order dated December 19, 2024. The Court agrees.[1]

The Parties do not dispute that California law governs the fraud counterclaim. Under California law, a three-year statute of limitations governs fraud claims. *See* Cal. Civ. Proc. Code § 338(d). Those claims accrue "when the plaintiff suspected *or should have suspected* that an

---

[1] The Parties have consented to the jurisdiction of a magistrate judge, and the Court has determined that the Motion is suitable for resolution without oral argument. *See* Dkts. 8, 16; Civil Local Rule 7-1(b).

injury was caused by wrongdoing." *See Vera v. REL-BC, LLC*, 66 Cal. App. 5th 57, 69 (1st Dist. Div. 4 2021) (citations omitted); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("A plaintiff is on inquiry notice of its fraud claims when he learns, or at least is put on notice, that a representation [is] false." (quotation marks and citation omitted)). Here, Defendants should have suspected Plaintiff's alleged fraud concerning their likelihood of success at the Supreme Court, <u>at the latest</u>, once the Supreme Court denied their petition for *certiorari*. *See, e.g.*, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1058-59 (9th Cir. 2008) (plaintiff had inquiry notice of fraud claim once it "had a basis to question [the defendant's] representations"); *Scott v. PerkinElmer Health Scis., Inc.*, No. 24-cv-03389-SVK, 2024 WL 5150641, at *5 (N.D. Cal. Dec. 16, 2024) ("[T]he instruments failed to conform with Defendant's representations by no later than October 2019 . . ., and Plaintiff should have suspected wrongdoing at that time." (citations omitted)). As alleged by Defendants, the Supreme Court denied their petition "shortly after" January 26, 2020. *See* Dkt. 14 ¶¶ 11-13. Per the Supreme Court docket, the Supreme Court denied the petition on April 20, 2020. *See Thomas v. Kenmark Ventures, LLC*, No. 19-7073.[2] Accordingly, Defendants' fraud counterclaim accrued on April 20, 2020.

But the Court cannot simply add three years to this date to determine when the statute of limitations lapsed because, as a result of the COVID-19 pandemic, California tolled the statutes of limitations for civil causes of action that exceed 180 days for a 178-day period between April and October 2020. *See Marinelarena v. Allstate Northbrook Indem. Co.*, No. 22-55344, 2023 WL 3033498, at *1 n.2 (9th Cir. Apr. 21, 2023). Thus, the Court must also add 178 days to the accrual date. Adding three years (the statute-of-limitations period) and 178 days (the COVID-era tolling period) to April 20, 2020 (the date of accrual), results in an October 15, 2023 deadline for Defendants to bring their counterclaim, which predates the October 31, 2024 filing of the

---

[2] The Court may *sua sponte* judicially notice dockets in other actions. *See, e.g.*, *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005). The Supreme Court docket is available at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-7073.html.

counterclaim.  *See* Dkt. 14.

Defendants offer three arguments in opposition to Plaintiff's invocation of the statute of limitations, all of which the Court rejects.

***First***, Defendants argue that, in light of the fiduciary nature of their relationship with Plaintiff, the Court must toll the start of the statute of limitations until the point in time when they "ha[d] knowledge or notice of the act constituting a breach of fidelity."  *See* Dkt. 22 at 5 (citation omitted).  The Court has already done so; as explained above, the clock did not start ticking until the Supreme Court denied Defendants' petition for *certiorari* (on April 20, 2020), as that was the latest moment when Defendants would have been put on inquiry notice of Plaintiff's alleged fraud.

***Second***, Defendants argue that the Court cannot evaluate the statute-of-limitations argument based solely on the face of their counterclaim, which is a requirement when analyzing a statute-of-limitations defense under Rule 12(b)(6).  *See id.* at 5; *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute [of limitations] is apparent on the face of the complaint." (quotation marks and citations omitted)). The Court disagrees, as the face of the counterclaim reveals a claim accrual date of "shortly after" January 26, 2020.  *See* Dkt. 14 ¶¶ 11-13.  Based on the Court's *sua sponte* judicially noticing of the Supreme Court docket, it determined an exact accrual date of April 20, 2020, and the Court is permitted to do so in evaluating a Rule 12(b)(6) motion to dismiss.  *See, e.g.*, *Callan v. N.Y. Cmty. Bank*, 643 F. App'x 666, 666-67 (9th Cir. 2016).  Even if the Court did not review the Supreme Court docket on its own, it would still have dismissed Defendants' counterclaim as time barred. Working backwards from the October 31, 2024 filing of the counterclaim, the counterclaim would have needed to accrue by October 31, 2021, at the latest, for the filing to have been timely.[3]  The Court cannot reasonably infer that "shortly after" January 26, 2020, could extend 21 months later

---

[3] The 178-day tolling does not factor into this calculation, as the latest-permissible accrual of the counterclaim would have occurred after the October 2020 termination of the COVID-era tolling period.

3

to October 2021.  *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (under Rule 12(b)(6), a court "must accept all factual allegations of the complaint as true and draw reasonable inferences in favor of the nonmoving party").

*Third*, Defendants argue that their allegations "would fit the[] definitions of" a breach-of-fiduciary-duty claim, for which a four-year statute of limitations applies "that would relate back to the filing of" Plaintiff's complaint.  *See* Dkt. 22 at 5-6.  The Court need not evaluate the merits of this argument because Defendants do not assert a breach-of-fiduciary-duty claim in their counterclaim.  True, Defendants vaguely word the contents of their counterclaim and do not expressly title their specific claim.  But no variations of the words "duty" or "fiduciary" appear in the counterclaim, and no reasonable reading of the counterclaim would notify Plaintiff that Defendants were pursuing a breach-of-fiduciary-duty claim against him.  Defendants do not even contend in their opposition briefing that they bring a breach-of-fiduciary-duty claim, instead noting only a purported <u>consistency</u> between their allegations and the requirements of a breach-of-fiduciary-duty claim.  Mere consistency between allegations and unexpressed claims does not suffice to permit a claimant to actually pursue such claims, or else respondents would be left playing dismissal whack-a-mole, defeating claim after claim only for the claimant to always spring on them yet another seemingly consistent claim.  *See also Torres v. Saba*, No. 16-cv-06607-SI, 2017 WL 2902823, at *4 (N.D. Cal. July 7, 2017) (under Rule 8, a claimant must "give fair notice . . . as to what the <u>specific claims are</u>" (emphasis added)).

In sum, Defendants' counterclaim accrued in April 2020, and the statute of limitations therefore lapsed about a year before they brought the counterclaim in October 2024.  The Court does not believe that Defendants could cure this deficiency in an amended pleading, as no additional facts would push the accrual date of their fraud counterclaim beyond April 2020.  Accordingly, the Court **GRANTS** the Motion and **DISMISSES** Defendants' counterclaim **WITHOUT LEAVE TO AMEND**.[4]  The Parties shall appear for a case-management conference

---

[4] Nothing in this Order precludes Defendants from moving to file other counterclaims as permitted by the Federal Rules of Civil Procedure.

4

on **March 11, 2025**, and shall file a joint case-management statement by **March 4, 2025**.

**SO ORDERED.**

Dated: February 4, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge