UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D.W. NORTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WENDI THOMAS, et al.,<br><br>　　　　Defendants. | Case No.  24-cv-03410-SVK<br><br>**ORDER ON MOTIONS FOR LEAVE TO AMEND THE PLEADINGS**<br><br>Re: Dkt. Nos. 37, 38 |

Before the Court are two motions for leave to amend the pleadings. Plaintiff Gerald D.W. North seeks leave to amend the complaint to add a claim for civil theft. Dkt. 37; Dkt. 37-1 (proposed amended complaint). Defendants Anthony Thomas and Wendi Thomas have not filed an opposition to Plaintiff's motion. Defendants' motion originally sought leave to amend both their counterclaim (to add a claim for breach of fiduciary duty) and their answer (to add an affirmative defense of offset). Dkt. 38. In their reply brief, Defendants withdrew their request for leave to amend their counterclaim, but their request to amend their answer remains. Dkt. 43. These motions are suitable for determination without a hearing. Dkt. 7-1(b). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint to add a claim for civil theft and **GRANTS** Defendants' motion for leave to amend the answer to add an affirmative defense of offset.

**I.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## II.   DISCUSSION

### A.   Plaintiff's motion for leave to amend the complaint

Plaintiff's motion seeks leave to add a new fourth cause of action and related allegations to the complaint. *See* Dkt. 37; Dkt. 37-1. The new cause of action is for "Civil Theft" and is premised on California Penal Code § 496. Dkt. 37-1 ¶ 44-50. That statute establishes criminal penalties for "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained." Cal. Pen. C. § 496(a). The statute "provides a private right for '[a]ny person who has been injured' by the sale of stolen property." *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 89 Cal. Rptr. 3d 455 (2009) (citing Cal. Pen. C. § 496(c)); *see also id.* at 470. Such a person may seek "three times the amount of actual damages, if any" that he or she sustained. Cal. Pen. C. § 496(c).

Defendants have not opposed Plaintiff's motion for leave to amend the complaint. In light of the requirement that the Court "freely give" leave to amend, and the absence of any showing by Defendants that the *Foman* factors weigh against amendment, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint.

### B.   Defendants' motion for leave to amend the answer

As discussed above, Defendants have abandoned their effort to add a new counterclaim but continue to seek leave to amend their answer to add an affirmative defense of offset. *See* Dkt. 38, 43. Defendants' proposed new affirmative defense states: "Plaintiff's damages, if any, are offset by the damages he legally caused to Defendants by his actions, that include, but are not limited to, those that constitute a breach of his fiduciary duty to Defendants." Dkt. 31-1 at PDF p. 12. Plaintiff's opposition to Defendants' motion for leave to amend argues that "absent a viable [First

Amended Counterclaim], amendment of the Answer to allege an affirmative defense of 'offset' would be futile." Dkt. 40 at 1.

"An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 2173417, at *4 (N.D. Cal. Feb. 21, 2023 (citations omitted). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Id.* (citations omitted).

The Court cannot say at this stage that there is no set of facts that can be proved under the amendment that would constitute a valid affirmative defense of offset. *See generally id.* Plaintiff does not elaborate on his argument that a viable offset defense requires a viable underlying claim for breach of fiduciary duty. In their reply, Defendants present a colorable argument that under California Code of Civil Procedure § 431.70 and *Safine v. Sinnott*, 15 Cal. App. 4th 614, 619 (1993), a time-barred claim (such as Defendants' breach of fiduciary duty claim here) can be used to offset a lawyer's claim for fees. Dkt. 43 at 2. Plaintiff has not argued that any other *Forman* factor weigh against granting Defendants leave to amend, and under the circumstances of this case, the prejudice (if any) to Plaintiff of allowing Defendants to add an affirmative defense on which Defendants will bear the burden to prove is minimal.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the complaint and Defendants' motion to amend the answer are **GRANTED**. Plaintiff must file the amended complaint by **May 5, 2025**. Defendants' response to the amended complaint is due **14 days** after the amended complaint is filed. When Defendants file an answer to the amended complaint, they have leave to include an affirmative defense for offset. In granting the Parties leave to amend these pleadings, the Court takes no position on the viability of the newly-added claim or affirmative defense.

Defendants may file a counterclaim to the FAC only with leave of court. Defendants may not seek leave to file a counterclaim for breach of fiduciary duty in light of their withdrawal of

1    their motion for leave to file such a counterclaim.  *See* Dkt. 43.  Defendants also may not seek

2    leave to file a counterclaim for promissory fraud, which the Court previously dismissed without

3    leave to amend.  *see* Dkt. 29.

4    **SO ORDERED.**

5    Dated: April 29, 2025

*[Signature: Susan van Keulen]*
SUSAN VAN KEULEN
United States Magistrate Judge

4