UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D.W. NORTH, | Case No.  24-cv-03410-SVK |
| Plaintiff, | **ORDER ON (1) PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE** |
| v. | |
| WENDI THOMAS, et al., | |
| Defendants. | Re: Dkt. Nos. 62, 63 |

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Gerald D. W. North is an attorney who represents himself in this action. Defendants Anthony and Wendi Thomas retained Plaintiff to represent them in connection with filing a petition for certiorari seeking Supreme Court review of an unfavorable decision by the Ninth Circuit and with certain other matters.  The Parties entered into multiple agreements setting forth the scope of Plaintiff's representation of Defendants and the terms of payment.  The Supreme Court ultimately rejected Defendants' petition for certiorari.

Plaintiff subsequently commenced this action, alleging that Defendants owe him unpaid legal fees under two of the Parties' agreements:  the "Limited Legal Representation Agreement" dated December 4, 2019 (the "12/19 Fee Agreement"); and the "Amendment to Limited Legal Representation Agreement" dated January 24, 2020 (the "1/20 Fee Agreement").  The operative First Amended Complaint contains four causes of action: (1) breach of written contract; (2) promissory fraud; (3) quantum meruit; and (4) civil theft.  Dkt. 49 ("FAC").  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 8, 16.

Now before the Court are two motions filed by Plaintiff:  (1) a motion for partial summary judgment on the breach of contract cause of action (Dkt. 62); and (2) a motion to strike Defendants' affirmative defense of offset (Dkt. 63).  Defendants filed a combined opposition to both motions (Dkt. 67), and Plaintiff filed a combined reply (Dkt. 68).

This matter is suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the

reasons that follow, Plaintiff's motion for partial summary judgment and Plaintiff's motion to strike Defendants' affirmative defense of offset are **DENIED.**

## II.     LEGAL STANDARD

### A.     Motion for Summary Judgment

A party may move for summary judgment on any claim or defense.   Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  *Id.*  A fact is material if it may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(c)(1).  Where the party moving for summary judgment has the burden of persuasion at trial, such as where the moving party seeks summary judgment on its own claims or defenses, the moving party must establish "beyond controversy every essential element of its [claim]."  *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted).  Where the moving party seeks summary judgment on a claim or defense on which the opposing party bears the burden of persuasion at trial, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses.  *Id*. at 1103.  The party opposing summary judgment must direct the court's attention to "specific, triable facts."  *So. Cal. Gas*, 336 F.3d at 889.  Conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738

United States District Court
Northern District of California

(9th Cir. 1979). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position" is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049-50 (9th Cir. 2014) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In deciding a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

### B.    Motion to Strike

A court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). A motion to strike also may be justified where it simplifies the litigation. *See Free Speech Systems, LLC v. Menzel*, 390 F. Supp. 3d 1162, 1176 (N.D. Cal. 2019).

However, Rule 12(f) motions are generally disfavored because they are frequently used as stalling tactics, and because the pleadings are of more limited importance in federal practice. *Arthur v. Constellation Brands, Inc.*, No. 16-cv-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016). If there is any doubt, the motion to strike should be denied, leaving assessment of the sufficiency of the defense for adjudication on the merits. *Id.* Some courts also deny Rule 12(f) motions unless prejudice would result to the moving party as a result. *Id.*

When striking an affirmative defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

United States District Court
Northern District of California

### III.    EVIDENTIARY ISSUES

Together with the motion for partial summary judgment, Plaintiff filed a "Request for Judicial Notice and Incorporation by Reference" that asks the Court to take judicial notice of certain matters of public record as well as "documents that are incorporated by reference in the pleadings." Dkt. 62-2 ("RJN") at 1-2. Both judicial notice and the doctrine of incorporation by reference "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Courts may properly take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Accordingly, the Court **GRANTS** Plaintiff's request for judicial notice of the following documents, which are records from federal court actions involving Plaintiff or Defendants: Exhibits C (Dkt. 62-5), D (Dkt. 62-6), F (Dkt. 62-8), H (Dkt. 62-10), J (Dkt. 62-12), L (Dkt. 62-14), M (Dkt. 62-15), N (Dkt. 62-16), and P (Dkt. 62-18) to the Request for Judicial Notice.[1] In taking judicial notice of these documents, the Court notes that although it may judicially notice undisputed matters of public record, *i.e.*, that a particular document was filed or that an order was issued, it may not and does not take notice of any disputed facts stated in those public records. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020).

Exhibit O (Dkt. 62-17) to the Request for Judicial Notice is the 2020 Year End Report on the Federal Judiciary. Plaintiff does not refer to this document in the motion for summary

---

[1] There is a discrepancy between the exhibit letters for the exhibits listed and described in the Request for Judicial Notice (Dkt. 62-2) and the exhibit letters used on the exhibits attached to the Request for Judicial Notice. This order uses the exhibit lettering used on the exhibits themselves (Dkt. 62-3 to 62-22).

United States District Court
Northern District of California

judgment or the motion to strike and therefore the Court **DENIES** Plaintiff's request for judicial notice of this document as unnecessary.

The remaining exhibits to the RJN are the fee agreements at issue in this case (Exhibits G [Dkt. 62-9] and K [Dkt. 62-13]) and various communications between the parties (Exhibits A [Dkt. 62-3], B [Dkt. 62-4], E [Dkt. 62-7], I [Dkt. 62-11], Q [Dkt. 62-19], R [Dkt. 62-20], S [Dkt. 62-21], and T [Dkt. 62-22]).  These documents do not meet the requirements for judicial notice.  The Court therefore understands these documents to be the subject of Plaintiff's request for incorporation by reference.  In contrast to judicial notice, the incorporation by reference doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 999.  The incorporation by reference doctrine is typically invoked in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998 (citation omitted).  However, a court may consider documents not physically attached to the complaint if the complaint refers to the document, it is central to plaintiff's claim, and no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion. *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).  The purpose of the incorporation by reference doctrine is to prevent a plaintiff "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja,* 899 F.3d at 1002.

It is neither appropriate nor necessary to incorporate by reference the fee agreements (Exhibits G [Dkt. 62-9] and K [Dkt. 62-13]) or the communications between the parties (Exhibits A [Dkt. 62-3], B [Dkt. 62-4], E [Dkt. 62-7], I [Dkt. 62-11], Q [Dkt. 62-19], R [Dkt. 62-20], S [Dkt. 62-21], and T [Dkt. 62-22]) attached to Plaintiff's Request for Judicial Notice and Incorporation by Reference.  Plaintiff argues that these documents should be incorporated by reference because they are cited in the FAC and in Plaintiff's declaration in support of the summary judgment motion. *See* Dkt. 62-2 at 1.  To incorporate by reference these documents at Plaintiff's request simply because he himself has referred to them in filings with the Court would

distort the purpose of the incorporation by reference doctrine discussed above.

In any event, incorporation by reference is unnecessary because the case is presently before the Court on Plaintiff's motion for partial summary judgment. Unlike on a motion to dismiss, where a court is limited to considering the pleadings and limited other types of materials, on a motion for summary judgment a court may consider pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c)(1). A declaration used to support or oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the [] declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Exhibits attached to a declaration must be properly authenticated. *See Orr v. Bank of Amer., NT & SA,* 285 F.3d 764, 773-74 (9th Cir. 2002). Thus, if exhibits are attached to Plaintiff's declaration, are authenticated by him, and set forth facts that would be admissible in evidence, the Court may consider them in deciding the summary judgment motion without incorporating them by reference. *See* Fed. R. Civ. P. 56(c)(1), (4).[2]

## IV.   DISCUSSION

### A.   Motion for Partial Summary Judgment

Plaintiff seeks summary judgment on the cause of action for breach of a written agreement. Dkt. 62. To prevail on a claim for breach of contract, the plaintiff must establish: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

Having considered the briefs and the declarations and exhibits filed by the Parties in connection with Plaintiff's motion for partial summary judgment, the Court concludes that there is

---

[2] Some of the communications attached to Plaintiff's declaration contain statements of Plaintiff that may be inadmissible as hearsay if offered by Plaintiff, depending on the purpose for which they are offered and whether an exception to the hearsay rule applies. It is unnecessary to determine the admissibility of such documents in connection with the present motions. The Court also does not decide at this time whether other documents attached to Plaintiff's declaration, such as the two written fee agreements at Exs. G and K and various email communications, have been properly authenticated.

United States District Court
Northern District of California

at least one genuine issue of material fact that precludes summary judgment on Plaintiff's breach of contract cause of action. Specifically, the record before the Court shows that there is a genuine issue of material fact as to whether Defendants breached the payment terms their contracts with Plaintiff because it is not clear that payments due to Plaintiff under the 12/19 and 1/20 Fee Agreements were to be made by Defendants rather than TMI, a company with which both Plaintiff and Defendant Anthony Thomas were associated.

For example, several portions of the 12/19 Fee Agreement state that "Client" (who is defined as Anthony Thomas) agrees to pay "Counsel" (who is defined as Gerald D.W. North). *See, e.g.,* Dkt. 62-9[3] at § 3 ("Client agrees to cooperate fully with Counsel and agrees that his cooperation includes the obligations: (1) to pay Counsel for the performance of services and costs incurred as specified herein … "); *id.* at § 4 ("Client agrees to pay for the legal representation contemplated herein as follows …"). However, the 12/19 Fee Agreement also contains provisions indicating that ***TMI*** was going to make payments to Plaintiff that would be applied to the fees owed by Anthony Thomas under the agreement. Section 1.B. of the 12/19 Fee Agreement states:

> Counsel is accepting a delay to no later than **December 9, 2019** for receipt from TMI of the $15,000 due Client, which shall be applied as payment of the $5,000 balance due for services to date and the first $10,000 of the Provisional Flat Fee provided for below, and a further delay to no later than **December 16, 2019** for receipt from TMI of the $70,000 balance of that fee[] . . .

Dkt. 62-9 at § 1.B. (p. 7) (emphasis in original). A footnote in that section refers to the possibility of "a *short* delay in receipt of these funds from TMI," but also refers to the possibility that "Client fails to make the payments due on December 9 and 16." *Id.* at n.1. Elsewhere, the 12/19 Fee Agreement explains that in connection with fees for services to date, "Client has paid Counsel $2,000 and has agreed to assign $15,000 due and owing Client by Tech-Masters, Inc. ('TMI'), said amount to be paid by TMI **on or before December 9, 2019.** *Id.* at § 4.B. (emphasis in

---

[3] A copy of the 12/19 Fee Agreement signed by Anthony Thomas was submitted with Plaintiff's motion for partial summary judgment at Dkt. 62-9 but several pages were illegible. In response to an order by the Court, Plaintiff submitted a legible but unsigned version of the 12/19 Fee Agreement (Dkt. 75-1) along with an explanation as to why he does not have a legible version of the signed document. For purposes of this order, the Court refers to the version of the 12/19 Fee Agreement at Dkt. 62-9.

original).  The 12/19 Fee Agreement also states that Anthony Thomas gave Plaintiff "a priority attorney lien (a 'charging' lien) on, and agrees to assign, all present and future finders' fees that are due, or may become due Client by TMI as payment for services to date … or as a flat fee that may be deposited by Counsel in an operating account of his choice."  *Id.* at § 4.C; *see also id.* at § 7 ("Client's legal expenses are being funded by the assignment of finders' fees that are currently due him and future finder's fees that are expected to come due him by TMI").  The agreement states that "[n]otwithstanding the assignment of finders' fees, however, Client shall remain liable for the amount of the flat fees set forth herein to the extent they are not compensated by the assigned finder's fees."  *Id.* at § 4.C.[4]

As these provisions illustrate, the 12/19 Fee Agreement is, at best, ambiguous as to whether TMI would pay Plaintiff directly or if instead TMI would pay Anthony Thomas, who would then pay Plaintiff.

This ambiguity regarding who was to make payments to Plaintiff is critical because Plaintiff does not submit a declaration stating how much he has been paid or by whom.  Instead, the support Plaintiff cites in his summary judgment motion for his assertion that Defendants breached the 12/19 and 1/20 Fee Agreements that "[t]he Thomases admit their non-payments, as alleged in the FAC."  Dkt. 62 at 15 (citing Answer, Dkt. 57, ¶¶ 21, 23.)  Evaluating this argument requires a review of what, exactly, Defendants admitted in their answer to the FAC.  The relevant paragraphs of the FAC (Dkt. 49) are interleaved with Defendants' Answer (Dkt. 57) as follows:

> **FAC ¶ 21**:  "The payments that were due on December 9, 2019 ($15,000) and December 16, 2019($70,000) were not received, either on those dates or within the three-day grace period allowed by the agreement. Instead, Counsel received a total

---

[4] The subsequent 1/20 Fee Agreement states that the payments due under the 12/19 Fee Agreement on December 9, 2019 and December 16, 2019 "were not received," but that Plaintiff had received some smaller payments while providing an additional amount of unanticipated legal work outside the scope of the representation.  Dkt. 62-13 at Background § 3.  In addition to amending the scope of representation, the 1/20 Fee Agreement stated that "Client agrees to make" certain interim payments to be credited to the payment that was due on December 16, 2019.  *Id.* at Amendment § 4.  The 1/20 Fee Agreement further provides that "the balance due Counsel shall continue to be secured by the charging lien granted Counsel in the Agreement and Client shall remain personally liable for it."  *Id.* at Amendment § 5.

of $4,500 [an initial $2,000 on November 27, 2019 for prior work, and two payments of $500 and $2,000], while providing an additional $2,162.60 in unanticipated legal work outside the scope of the representation. North nevertheless provided all assistance needed to enable Thomas to timely resubmit his *pro se* petition on December 23, 2019. Two promised interim partial payments of $10,000 also were not received. North nevertheless filed the required 20-day notice for Mrs. Thomas to file a brief in support, and essentially completed the brief, which was due on January 27, 2020."

**Answer ¶ 21**:  "Defendant Anthony Thomas admits that said payments were either tendered or not as alleged, Defendants otherwise deny the allegations in Paragraph 21 of the Complaint."

\*\*\*

**FAC ¶ 23:**  "The $2,000 payment was made on January 25, 2020 as agreed, the amendment to the limited legal representation agreement was executed the next day, and Mrs. Thomas' brief in support of the petition was timely filed on January 27, 2020. However, the $10,000 partial payment due January 31, 2020 was not made and no further payment was ever made by Thomas."

**Answer ¶ 23**:  "Defendants admit the allegations in Paragraph 23 of the Complaint."

Because of the ambiguity as to whether Defendants or TMI were responsible for paying Plaintiff, Defendants' admissions that they did not make certain payments does not eliminate a genuine issue of material fact as to whether Plaintiff may have received payment on Defendants' behalf from TMI.

Plaintiff also submitted a supplemental declaration in connection with his reply brief on the summary judgment motion.  Dkt. 68-1.  That supplemental declaration admits that "the December 4, 2019 agreement contemplated that fees earned by [Anthony] Thomas from continued loan-brokering for the same TMI investor ***would be transmitted through TMI***," although Plaintiff also notes that under the 12/19 Fee Agreement "except to the extent of actual receipt … 'Client shall remain liable' for the full amount of the flat fee." *Id.* ¶ 14 (emphasis added).  Plaintiff goes on to state that "the fact remains that Thomas never paid the legal fees he agreed to pay …" *Id.* ¶ 16.  Again, Plaintiff never clearly states in either of his declarations that he did not receive any payment ***from TMI*** on Defendants' behalf.  Plaintiffs' declarations only further highlight that there is a genuine issue of material fact as to whether there was a breach of the Parties' contracts.

United States District Court
Northern District of California

Because Plaintiff does not satisfy his initial burden in moving for summary judgment on the breach of contract claim, Defendants have no obligation to produce anything and summary judgment must be denied. *Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. Even so, Defendants have presented evidence, in the form of a declaration from Anthony Thomas, stating that he thought Plaintiff was being paid by Paul Mula of TMI from Anthony Thomas's commissions and that did not know how much TMI had paid North. Dkt. 67-2 (A. Thomas Dec.) ¶¶ 5, 8, 13, 14, 17, 19.

Because there is a genuine issue of material fact on the issue of breach, summary judgment on Plaintiff's breach of contract cause of action is **DENIED.** "[T]he presence of a single genuine issue as to a material fact precludes disposition of a case by summary judgment," and therefore the Court need not determine whether there are other genuine disputes of material fact concerning the breach of contract that is the subject of Plaintiff's motion for partial summary judgment. *Cee-Bee Chem. Co. v. Delco Chemicals, Inc.*, 263 F.2d 150, 153 (9th Cir. 1958).

### B.   Motion to Strike

Plaintiff's motion to strike Defendants' affirmative defense of offset (Dkt. 63) was filed without leave of court, in violation of the undersigned's Civil and Discovery Referral Matters Standing Order ¶ 6(d), and on that basis is **DENIED**.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment and Plaintiff's motion to strike the affirmative defense of offset are **DENIED**.

The Parties are reminded that they must complete ADR **within three weeks** of the date of this Order. *See* Dkt. 72

A Further Case Management Conference will be held on **May 12, 2026 at 9:30 a.m.** A Joint Case Management Statement is due by **May 5, 2026.**

**SO ORDERED.**

Dated: March 12, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

10